UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARON JOHNSON                                              CIVIL ACTION

VERSUS                                                     NO.  14-0937

RUTH JACKSON ET AL.                                        SECTION "R" (4)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Also before the Court is an Amended Complaint which was filed without leave of court. Nonetheless, the motion to amend is **GRANTED** and will be considered in connection with the undersigned's frivolous review.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.      Factual Background

The plaintiff, Baron Johnson ("Johnson"), was incarcerated at the Jefferson Parish Correctional Center. *See* Rec. Doc. 1, p. 2. He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Ruth Jackson, his adoptive legal guardian, former Jefferson Parish Sheriff Harry Lee, the West Jefferson Medical Center Hospital, Secretary of the Louisiana Department of Public Safety and Corrections, James M. LeBlanc, and the State of Louisiana, Resigned Governor Edwin Edwards, Governor Bobby Jindal, the Fifth Circuit Court of

Appeals, the Jefferson Parish Sheriff's Office, Warden N. Burl Cain, and Dr. Katherine Ryan[1]. *Id.*

More specifically, Johnson contends that he has "concrete physical evidence" that he has been retaliated against by Ruth Jackson, his adoptive legal guardian, other unnamed family members, the Jefferson Parish Sheriff's Office, the West Jefferson Parish Center Hospital, the Louisiana State University Charity Hospital, and the New Orleans Parish Hospital. *Id.* at p. 4-5. Johnson further alleges that he has been retaliated against by the State of Louisiana. *Id.* at p. 5. However, a review of the record is devoid of any specific details as to why and how he was retaliated against by the defendants. Nevertheless, Johnson contends that, as a result of the retaliation, he has received permanent scars and personal injuries from aggravated rapes, aggravated batteries, and medical malpractice. *Id.* Johnson contends that as a result of being raped as a child by family members, he has suffered "attempted murders, mental anguish, pain and suffering, and false complaints" from his defendants and other "enemies" who he filed federal lawsuits against in the "Fifth Circuit Eastern District." *Id.*

Johnson further contends that he filed a lawsuit in the "Eastern District Federal Court" in 1986, 1987, and 1988, reporting the forced rapes and sexual assaults he endured when he was incarcerated in the Jefferson Parish Jail. *Id.* Johnson also contends that he filed a lawsuit in the same court in 1993 reporting sexual assaults and aggravated rapes by Jefferson Parish Correctional Center ("JPCC") and Department of Public Safety and Corrections ("DOPSC") inmates Allen Riley, Robert Flagg, Michael Lovick, and others from JPCC and DOPSC who he believes were sent to hurt and kill him. *Id.* As a result, Johnson contends that he has suffered mental anguish from schizophrenia which he was diagnosed with by the West Jefferson Medical Center and the Louisiana State

---

[1]Plaintiff names the Defendant as Dr. Ryan Katherine, however research indicates that the Defendant's name is Dr. Katherine Ryan of the West Jefferson Medical Center.

University Charity Hospital. *Id.*

Johnson requests the following relief: (1) to go to Court and be present at hearings; (2) that his lawsuit be sent to "Middle District"; and (3) because his constitutional rights were violated, he wishes to press charges and receive damages. *Id.*

## II.   <u>Standard of Review for Frivolousness</u>

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

A hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d

480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

**III.   Analysis**

**A.      Jefferson Parish Sheriff's Office**

Johnson names the Jefferson Parish Sheriff's Office ("JPSO") as defendant in this action. Johnson alleges that he was retaliated against by JPSO, but he fails to allege any facts from which the Court can conclude that the defendant has, in fact, retaliated against him. *See* Rec. Doc. 1, p. 4-5.

Pursuant to § 1983, liability is only imposed upon "persons" who violate someone's constitutional rights under color of law. Title 42 U.S.C. § 1983. The JPSO, however, is not a legal entity capable of being sued. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002); *see also Smith v. St. Tammany Parish Sheriff's Office*, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D.La. Feb.6, 2008); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D.La.2001); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988); *Williamson v. Louisiana*, CIV. A. 08-4598, 2008 WL 5082911 (E.D. La. Nov. 24, 2008).

"It is well settled ... that a Sheriff's Department is not a legal entity capable of being sued." *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La.1997) (citations omitted). Indeed, "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff." *Id. See also George v. Wilson*, 2000 WL 521450 (E.D.La.4/28/00)*; Manieri v. Layirrison*, 2001 WL 25657 (E.D.La.1/9/01); *Liberty Mut. Ins.*

4

*Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La.App. 3 Cir.1977); *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 904 (E.D. La. 2001). Johnson merely states that the defendant, in conjunction with other defendants in this action, are "trying to protect his enemies." *See* Rec. Doc. 1, p. 3. As such, Johnson's claims should be dismissed as frivolous because they lack an arguable basis in both law and fact to hold the Jefferson Parish Sheriff's Office liable under § 1983.

### B.   James M. LeBlanc and the State of Louisiana

Johnson names as defendants, James M. LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, and the State of Louisiana. It is unclear to the Court by the record why Johnson has named these two defendants as parties to the instant action. Nevertheless, the Court addresses each defendant below.

First, Johnson alleges that LeBlanc is one of several defendants to this action who is retaliating against him and "protecting his enemies." *See* Rec. Doc. 1, p. 3. However, he fails to allege any facts from which the Court can conclude that the defendant has, in fact, retaliated against him. Nothing in the complaint shows that LeBlanc "refused to treat [Johnson], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct" as evidence of the alleged retaliation. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001); *Terry v. Le Blanc*, 479 F. App'x 644, 646 (5th Cir. 2012). Therefore, Johnson's claim against LeBlanc should be dismissed as frivolous as it lacks an arguable basis in law and fact to hold LeBlanc liable under § 1983.

To the extent Johnson names LeBlanc as a defendant as a supervisory official over the Jefferson Parish Correctional Center ("JPCC"), his claim still fails. Supervisory officials, like this defendant, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply

because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). A supervisory official may only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference as set forth above.

Here, Johnson does not allege that LeBlanc was present for, or personally, involved in, the sexual assaults and aggravated rapes which occurred in JPCC. Although Johnson does allege personal injuries and mental anguish as result of his assaults and rapes, he has not alleged that he suffered any of these injuries as a result of any directive, supervised training or activity, or other policy set forth by either defendant which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-125 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Furthermore, Johnson's claims against the State of Louisiana is barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts.  When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. § 13:5106(A).

Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted).

Thus, for the reasons stated above, Johnson's claim against both LeBlanc and the State of Louisiana should be dismissed with prejudice as frivolous for the reasons stated above.

### C.      Dr. Katherine Ryan and the West Jefferson Medical Center Hospital

Johnson has named as defendants, emergency room physician Dr. Katherine Ryan ("Ryan") and the West Jefferson Medical Center Hospital ("WJMC"). Although it is unclear from the Complaint (Rec. Doc. 1), it seems that Johnson alleges medical malpractice due to poor care of his schizophrenia, as it was allegedly ignored by WJMC and Dr. Ryan.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir.1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir.1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir.1991). Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado*, *see* supra.

Here, it is not clear when Dr. Ryan allegedly failed to treat Johnson's schizophrenia, nor is it clear whether she was on staff at some point with the Jefferson Parish Correctional Center, where she

may have failed to treat Johnson. Nevertheless, even if she were employed at JPCC, Johnson's claim that Dr. Ryan allegedly neglected his medical care by failing to treat him does not rise to the level of a constitutional violation.

Furthermore, even if Dr. Ryan was an emergency physician who treated Johnson at WJMC when he was a child, or even as an inmate, Johnson's claims arising out of his childhood experience would have prescribed, as the limitation period for a § 1983 claim is one year.[2] Johnson, who claims that Dr. Ryan may have failed to treat him during his childhood, is now an adult. Therefore, the limitations period has run on Johnson's childhood assault deliberate indifference claims for Dr. Ryan's alleged failure to his medical condition.[3]

Johnson has failed to alleges acts or omissions by Ryan or WJMC, which would show sufficient evidence that they acted "deliberately indifferent" to his medical needs in violation of the Eight Amendment. The record is devoid of any facts from which the Court can conclude that the defendants committed medical malpractice or that either of the defendants were acting under "color of law" when he was treated either as a child or an inmate in JPCC.

Additionally, only a person acting under color of state law while exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" can be held liable pursuant to § 1983. *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir.1984) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Significantly, the

---

[2]Because there is no federal statute of limitations for § 1983 claims, the district court looks to forum state's statute of limitations for personal injury claims. *Bd. of Regents of Univ. of New York v. Tomanio*, 446 U.S. 478, 483 (1980) (citing 42 U.S.C. § 1988); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).

[3]For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *Jacobsen*, at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Amendments to the United States Constitution do not prohibit acts of private persons, *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461-62 (1952), however discriminatory or wrongful the acts may be. *District of Columbia v. Carter*, 409 U.S. 418, 423 (1973).

Because Johnson does not allege that Dr. Ryan nor the WJMC was acting under color of state law, nor does Johnson allege Dr. Ryan is an employee of the State of Louisiana, or that she acted under any authority of law of the State of Louisiana.  His claims against Dr. Ryan and WJMC should be dismissed as frivolous.

**D.    Fifth Circuit Court of Appeals and the 24th Judicial District Court**

Johnson has named as defendants, the Fifth Circuit of Appeals and the 24th Judicial District Court. However, Johnson does not set forth any specific allegations or conduct against these defendants. But, even if Johnson were to have alleged conduct against these Defendants, the Fifth Circuit Court of Appeals and the 24th Judicial District Court lack the capacity to be sued, and thus are not proper defendants.

42 U.S.C. § 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).    In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued.[4]  Under § 1983, the plaintiff must not only prove that a constitutional violation occurred, but also that the defendant's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir.1984)

---

[4]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See* Fed. R. Civ. P. 17(b).

(quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Here, not only are the defendants not "persons" under § 1983, but the Court finds no law, constitutional, statutory, or otherwise, that confers upon the Fifth Circuit Court of Appeals or the 24th Judicial District Court the authority to sue or to be sued. Therefore, they lack the capacity to be sued. As such, the Court concludes that the Fifth Circuit Court of Appeals and the 24th Judicial District Court are not proper defendants in this case and any claims against them should be dismissed as frivolous.

### E.    Supervisory Officials

Johnson has named as defendants, three supervisory officials, Sheriff Harry Lee ("Lee"),[5] Warden N. Burl Cain ("Cain"), and Sheriff Newell Normand ("Normand"). However, Johnson does not assert any allegations or conduct of the defendants from which it can be concluded that the defendants are liable for any claims under § 1983. Furthermore, Cain is the warden of the Louisiana State Penitentiary at Angola, and Johnson is not currently incarcerated there, nor has he alleged ever being incarcerated there.

Nevertheless, supervisory officials, like these defendants, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). A supervisory official may only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.

---

[5]Sheriff Harry Lee is no longer sheriff of Jefferson Parish, Louisiana. He died on October 1, 2007.

1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference as set forth above.

Johnson does not allege that either defendant was present for, or personally, involved in, the sexual assaults and aggravated rapes. Although Johnson does allege personal injuries and mental anguish as a  result of his assaults and rapes, he has not alleged that he suffered any injuries as a result of any directive, supervised training or activity, or other policy set forth by either defendant which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-125 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Instead, Johnson appears to have named these officials simply because of their supervisory roles. Thus, his claim against Sheriff Lee, Cain and Normand are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915 (e), § 1915A, and § 1997e.

### F.    Ruth Jackson

Johnson names as a defendant, Ruth Jackson ("Jackson"), his adoptive legal guardian,  in this proceeding. Although the record is again unclear, the Court concludes that Johnson names Jackson as a defendant because of the forcible rapes and sexual assaults he endured as a child under her custody.

Section 1983 affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation. *Victoria W. v. Larpenter,* 369 F.3d 475, 482 (5th Cir.2004); *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir.1996); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir.1984); *Coleman v. Coleman*, 3:04-CV-1909-P,

2004 WL 3048622 (N.D. Tex. Nov. 22, 2004) report and recommendation adopted, 3:04-CV-1909P, 2005 WL 17703 (N.D. Tex. Jan. 3, 2005).

State action for purposes of a § 1983 claim may be found if a private party has acted with help of or in concert with state officials, if a private party has been delegated power traditionally exclusively reserved to a state, or if there is sufficiently close nexus between a state and challenged action of a private entity so that action of latter may fairly be treated as that of a state itself. *McKeesport Hosp. v. Accreditation Council for Graduate Medical Educ.*, C.A.3 (Pa.) 1994, 24 F.3d 519.

Johnson does not allege that there is a sufficient nexus between the state and his adoptive legal guardian Jackson. Absent any evidence suggesting that Jackson was associated with the state to establish that her actions were attributable to the state, Johnson fails to prove that Jackson was acting under color of law, and therefore does not state a viable claim against Jackson. As such, the claims against this defendant should be dismissed as frivolous.

### G.   Governor Bobby Jindal, Former Governor Edwin Edwards, and Former Governor Kathleen Blanco

Johnson has named as defendants, Governor Bobby Jindal ("Jindal"), former Governor Edwin Edwards ("Edwards"), and former Governor Kathleen Blanco ("Blanco"). However, none of these defendants are proper parties in this action.

Jindal, Edwards, and Blanco are entitled to qualified immunity because Johnson's complaint alleges no personal involvement by the governors in his alleged retaliation, sexual assault, and rape claims, and, under the law, subordinates' acts trigger no individual § 1983 liability upon these defendants. *E.g., Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir.1999); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Liability exists only if the

supervisor is personally involved in the constitutional deprivation or there is a causal connection between the supervisor's conduct and the violation. *Clark v. Richards*, 26 F.3d 1118 (5th Cir. 1994).

Not only has Johnson failed to allege any facts from which it can be concluded that Blanco, Jindal and Edwards, as supervisory defendants of the Jefferson Parish Correctional Center, were personally involved in a constitutional deprivation regarding Johnson, but he also does not allege any facts from which it can be concluded that their actions were causally connected with a constitutional violation committed by a subordinate. Therefore, Johnson's claims against these Governors Jindal, Edwards and Blanco should be dismissed as frivolous.

**H.** **Jefferson Parish Human Services Authority of Marrero, La, Jefferson Parish Human Services of Harvey, La,[6] Social Security Administration, Resources for Human Development Team (RHD) in New Orleans Parish, Resources for Human Development Team (RHD) in Harvey, Unity Welcome Home** Tanisha **Johnson, Mr. Adwood, Ms. Soul, Sandra Sumlin, and Dr. Hawthorne**

Johnson names as defendants, the Jefferson Parish Human Services of Marrero, Louisiana, Jefferson Parish Human Services of Harvey, Louisiana, Social Security Administration, the Resources for Human Development Team for the Parish of Orleans, Resources for Human Development Team in Harvey, Louisiana, and Unity Welcome.

Johnson also named Unity Welcome Home employees, Tanisha Johnson, Mr. Adwood, Ms. Soul, and Jefferson Parish Human Services Authority of New Orleans Parish employees, Ms. Sandra Sumlin and Dr. Hawthorne who Johnson alleges is a psychiatric doctor at this institution.

Title 42 U.S.C. § 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of state law." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). As indicated above, the person acting must also have the authority of the state or be

---

[6]Available online information from the Jefferson Parish Human Services Authority website does not indicate that there is a Harvey, La location.

engaged in conduct that would constitute a conspiracy with a state official if the claim involves a private person. See *Young v. Biggers*, 938 F.2d 565 (5th Cir.1991).

Johnson does not assert any allegations or conduct of the defendants from which it can be concluded that the defendants are liable for any claims against them or their employees under § 1983.

Further  he fails to alleged that the employees of Unity One were working in concert with a state official to violate his civil rights.[7]  Accordingly, Johnson's claims against Jefferson Parish Human Services Authority of Marrero, Jefferson Prish Human Services of Harvey, Social Security Administration, Resources for Human Development Team in Orleans Parish, Resources for Human Services in Harvey, Unity Welcome Home Tanisha Johnson, Mr. Adwood, Ms. Soul, Sandra Sumlin and Dr. Hawthorne should be dismissed with prejudice as frivolous and for failure to state a claim for which relief be granted pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e.

## V.    Recommendation

**IT IS RECOMMENDED** that Johnson's § 1983 claims against the defendants, Ruth Jackson; Harry Lee; the West Jefferson Medical Center Hospital; James M. LeBlanc; the State of Louisiana; Edwin Edwards; Bobby Jindal; Kathleen Blanco; the Fifth Circuit Court of Appeals; the 24th Judicial District Court; the Jefferson Parish Sheriff's Office; N. Burl Cain; Newell Norman; Dr. Katherine Ryan; West Jefferson Medical Center Hospital; Jefferson Parish Human Services Authority of Marrero, Louisiana; Jefferson Parish Human Services of Harvey, Louisiana; the Social Security Administration; Resources for Human Development Team in New Orleans Parish;

---

[7]A private person also may be held liable under § 1983 if they willfully participate in a joint action with state agents. *Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S.Ct. 183, 186 (1980); *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir.1992). An allegation of conspiracy between a private party and a state actor will fulfill this requirement. *Dennis*, 449 U.S. at 28, 101 S.Ct. at 186.

Resources for Human Development Team in Harvey; Unity Welcome Home; Tanisha Johnson; Mr. Adwood; Ms. Soul; Sandra Sumlin and Dr. Hawthorne be **DISMISSED WITH PREJUDICE** as frivolous for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this 15th day of August, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.